John M. Wilson v. Tyler Coffin Company.

Decided February 27, 1902.

1.—Corporation—Parties—Intervention.

Where, in an action against a corporation upon notes executed by it, a third party intervened, alleging that he sold said corporation to a certain person, not a party to the suit, covenanting to protect him against all debts of the corporation in excess of a certain sum which did not include the note in suit, such intervener was not a necessary or proper party to the suit, and the error in permitting him to intervene over defendant's objections was not harmless.

2.—Same—Corporation Debt—Evidence.

Testimony by the person to whom the intervener had sold the corporation, that the intervener had told him at the time of the sale that the corporation owed only $600, and that no mention was made of plaintiff's claim, was not relevant, nor admissible to show how defendant treated plaintiff's claim.

**3.—Same—Assumption of Liability—Burden of Proof.**

Where, in an action on notes executed on behalf of a corporation by its president, but for his individual debt, the plaintiff claimed that the payment of the notes had thereafter been assumed by the defendant corporation, the burden was on plaintiff to show that the corporation had, for a valuable consideration, assumed the payment of the notes.

Appeal from Smith. Tried below before Hon. J. G. Russell.

*H. H. Whitaker,* for appellant.

*Duncan & Jones,* for appellee.

PLEASANTS, Associate Justice.—This suit was brought by appellant against the appellee, the Tyler Coffin Company, a corporation organized and chartered under the laws of the State of Texas, to recover upon three promissory notes for the sum of $500 each alleged to have been executed by said appellee on the 11th day of October, 1897, and due respectively six, twelve, and eighteen month after date with interest from date at the rate of 8 per cent per annum. The defendant corporation answered by general demurrer and general denial, and by special plea in which it is averred that the notes sued on were not executed by it or by any person authorized to execute same for it, and that said notes were without consideration and void as to said defendant; that the debt for which said notes were executed was the individual debt of Charles T. Bonner, and if he ever executed the notes in the name of the defendant the same was without consideration and were intended as accommodation paper to said Bonner, and the execution of same was ultra vires. This plea is sworn to by J. L. Daniel, as president and general manager of the defendant corporation.

The appellee C. B. Beck, intervened in the suit and made himself a party defendant, alleging that he had sold to J. L. Daniel the Tyler Coffin Company, and that by the terms of the sale he had covenanted to protect the said Daniel against any outstanding debts or liabilities of said company in excess of the sum of $605.50 due certain named creditors of the company, and that in event judgment should be rendered in this suit against said company in favor of plaintiff he would be liable for the amount of such judgment. The plaintiff filed a supplemental petition in which it is alleged, in substance, that subsequent to the execution of the notes sued on, which notes were executed by Charles T. Bonner as president and in the name of the Tyler Coffin Company, said defendant company became indebted to the said Bonner in a sum largely in excess of the amount of said notes, and the authority of the said Bonner to execute the notes being questioned by the company, it was agreed by and between said Bonner and Thomas A. Johnson, the then president and general manager of the company, that in consideration of the said Bonner crediting the indebtedness of the company to him with the amount due upon said notes, the defendant company would assume the

payment of the notes due plaintiff, which agreement was duly carried out by said Bonner, and the payment of the notes duly assumed by the defendant corporation upon due and full consideration.

The defendant company filed a supplemental answer to the intervention of defendant Beck, and prayed that upon the allegation contained in the answer of said intervener it have judgment over against him in event judgment should be rendered in favor of plaintiff against said company. This defendant also filed supplemental answer in reply to plaintiff's supplemental petition, in which the two years statute of limitation is pleaded in bar of plaintiff's right to recover upon the alleged assumption of the payment of the notes sued on by said defendant.

Plaintiff filed a motion to strike out the intervention of the defendant Beck on the ground that he was not a necessary or proper party to the suit. This motion was overruled by the court, and upon a trial of the case by a jury a verdict and judgment was rendered in favor of the defendants.

Appellant by his first assignment of error complains of the action of the trial court in overruling the motion to strike out the answer in intervention of appellee Beck.

From the foregoing statement of the pleadings it appears that J. L. Daniel was not a party to this suit, and neither the plaintiff nor the defendant corporation was a party to the contract under which appellee Beck claimed the right to intervene. Under this state of facts we know of no rule of law which could have authorized the court to permit the intervener, over the objection of either party to the suit, to intrude himself into the controversy. His alleged interest in the subject matter of the suit does not arise from any contingent liability on his part to either party to the suit, and in no event could any judgment have been rendered against him. It is true the defendant corporation asked judgment over against him in event judgment was rendered against it in favor of plaintiff, but no facts are alleged by said defendant which would entitle it to such judgment, and certainly the facts set up by the intervener show no liability on his part to said defendant, contingent or otherwise. Such being the state of pleadings, it is clear that had the judgment of the court below been in favor of the plaintiff against the defendant corporation no judgment could have been rendered in favor of the corporation against the intervener. The mere fact that the result of this suit would incidentally affect the liability of the intervener upon a contract to which the parties to this suit are strangers gives him no right to interfere in the controversy between the plaintiff and the defendant.

We are of opinion that the intervener in this case was neither a necessary nor a proper party to this suit, and the court below erred in overruling plaintiff's motion to strike out the answer. Burdett v. Glascock, 25 Texas Supp., 45; McKee v. Coffin, 66 Texas, 310.

We can not say that the error of the trial court in permitting the appellee Beck to intervene in the suit was harmless. Plaintiff had the

legal right to try the issues between the defendant and himself unembarrassed by the presence of the intervener as a party to the suit exerting the influence of his personality in favor of the defendant, and we think the ruling of the trial court refusing him this right is such error as will require the reversal of the case.

The court below permitted the witness Daniel to testify, over plaintiff's objection, that when he purchased the stock of the defendant company from the appellee Beck, that said Beck represented to him that the corporation only owed about $600, and that no mention was made of the plaintiff's claim. This testimony was objected to by the plaintiff on the ground that it was hearsay and wholly irrelevant, and a private agreement made between the witness and the intervener which could not throw any light upon the question of the liability of the defendant for the debt sued on and could in no manner affect such liability. It appears from plaintiff's bill of exceptions to the admission of this evidence that the trial court announced that he admitted same for the purpose of showing how the defendant corporation treated the debt sued on.

We think the objections to this testimony should have been sustained, because it was not relevant to any issue in the case. The purpose for which this evidence was offered is not apparent, and but for the announcement of the trial court that it was admitted for the purpose of showing how the defendant corporation treated plaintiff's claim, we would be disposed to hold that while the evidence was immaterial its admission was harmless. It is, we think, clear that any representation made by Beck as to the indebtedness of the defendant corporation could in no way affect plaintiff's claim or tend to throw any light upon the question as to whether the corporation had assumed the payment of the notes sued on, and the admission of such evidence by the court for the announced purpose of showing how the corporation regarded the notes was harmful error, and appellant's assignment which challenges the ruling of the court in overruling his objections to the admission of this testimony must be sustained.

In view of another trial of the case it would not be proper for us to express any opinion upon the facts, and appellant's assignment in which the verdict of the jury is assailed on the ground that it is unsupported by the evidence will not be considered.

The remaining assignments contained in appellant's brief are, we think, without merit. Under the pleading in the case the burden was upon appellant to show by a preponderance of the evidence that the defendant corporation had for a valuable consideration assumed the payment of the notes sued on, and the trial court did not err in so instructing the jury.

For the errors before indicated the judgment of the court below will be reversed and this cause remanded for a new trial, and it is so ordered.

*Reversed and remanded.*